Kathryn J. Halford (CA Bar No. 68141)
Email: khalford@wkclegal.com
Armine Alajajian (CA Bar No. 313211)
Email: aalajajian@wkclegal.com
**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**
A Professional Corporation
16501Ventura Boulevard, Suite 304
Encino, California 91436
Telephone: (818) 501-8030
Facsimile: (818) 501-5306

Attorneys for Plaintiffs, Board of Directors of the Motion Picture Industry Pension Plan; Board of Directors of the Motion Picture Industry Individual Account Plan; Board of Directors of the Motion Picture Industry Health Plan

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**(Western Division)**

| | |
|---|---|
| BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>VERONIKA DECIDES TO DIE PRODUCTIONS, LLC, a New York limited liability company,<br><br>Defendant. | CASE NO.<br><br>COMPLAINT FOR BREACH OF CONTRACT, DAMAGES; AND VIOLATION OF ERISA<br><br>[29 U.S.C. §§185, 1132, 1145] |

Plaintiffs allege as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this court by the Employee Income Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, and by section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a).

## VENUE

2. In accordance with section 502(e) of ERISA, 29 U.S.C. §1132(e), venue is appropriate in the Central District of California as the place where the Plans are administered, and where the contractual obligations alleged herein are to be performed.

## PARTIES

3. Plaintiffs, Board of Directors of the Motion Picture Industry Pension Plan, Board of Directors of the Motion Picture Industry Individual Account Plan and Board of Directors of the Motion Picture Industry Health Plan (herein "Plaintiffs") are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds that were created and are maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

4. The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are "Employee Pension Benefit Plans" as defined in section 3(2) of ERISA, 29 U.S.C. §1002(2). The Motion Picture Industry Health Plan ("Health Plan") is an "Employee Welfare Benefit Plan" as defined in section 3(1) of ERISA, 29 U.S.C. §1002(1). The Pension Plan, IA Plan, and Health Plan (collectively referred to herein as "the Plans") are "multiemployer plans" within the meaning of sections 3(37)(A) and 515 of ERISA, and 29 U.S.C. §1002(37)(A), and 29 U.S.C. §1145. Plaintiffs are

fiduciaries with respect to the Plans within the meaning of section 21(A) of ERISA, 29 U.S.C. §1002(21)(A). The Plans were established pursuant to collective bargaining agreements between various employers and employer associations performing work in the entertainment (motion picture and television) industry, an industry affecting commerce, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO ("IATSE"), an unincorporated labor organization. The Plans are administered in Studio City, within the County of Los Angeles.

5. Plaintiffs are informed and believe and upon that basis allege that at all times relevant herein, defendant VDTD Productions, LLC ("VDTD" " or "Defendant") was and is a corporation organized and existing under and by virtue of the laws of New York. At all relevant times herein, VDTD was an "Employer" in an industry affecting commerce, within the meaning of the LMRA and within the meaning of ERISA.

6. This complaint is prosecuted pursuant to section 301(a) of the LMRA, 29 U.S.C. §185(a), and pursuant to sections 502 and 515 of the ERISA, 29 U.S.C. §§1132 and 1145, to enforce the provisions of ERISA against an Employers engaged in an industry affecting commerce.

## GENERAL ALLEGATIONS

7. During all times relevant herein VDTD was bound to the East Coast Council Low Budget Memorandum Agreement entered into with IA. By execution of the East Coast Council Low Budget Memorandum Agreement, VDTD became bound to a series of collective bargaining agreements, including the IATSE Local 52 Studio Mechanics Agreement, Local 600 International Cinematographers Guild Agreement, the Local 161 Motion Picture Agreement, and Local 700 Editor's Guild Agreement (collectively the East Coast Council Low Budget Memorandum Agreement, IATSE Local 52, Local 600, Local 161 and Local 700 Agreements are

referred to as the "IA Agreements"). In conjunction with the execution of the IA Agreements, Defendant executed an Agreement of Consent wherein Defendant agreed to be bound by the Producer-IATSE Basic Agreement of 2003 ("Basic Agreement). A true and correct copy of the East Coast Council Low Budget Memorandum Agreement and the Agreement of Consent in effect during all times relevant herein are attached and incorporated herein by this reference as Exhibit "1."

8. On or about December 2, 2007, Defendant also executed a Memorandum Agreement with the Casting Directors Local 817 ("Memorandum Agreement"). A true and correct copy of the Memorandum Agreement in effect during all times relevant herein is attached and incorporated herein by this reference as Exhibit "2." The East Coast Council Low Budget Memorandum Agreement, the IA Agreements, the Agreement of Consent and the Memorandum Agreement are collectively referred to as "the Agreements."

9. In conjunction with the execution of the Agreements, VDTD executed an IA Trust Acceptance and a Theatrical Teamsters Local 817 Trust Acceptance (collectively "Trust Acceptances") whereby VDTD agreed to become a party to and be bound by the Agreements and Declarations of Trusts establishing the Plans ("Trust Agreements") and to make contributions to the Plans for all employees performing work covered by the Agreements. True and correct copies of the Trust Acceptances are attached hereto and incorporated herein by this reference as Exhibit "3."

10. The Trust Agreements obligate Defendant to each forward a single weekly remittance report, together with contributions owed to the Plans for the total hours worked by or guarantees to all employees doing work covered by the Agreements by the last day of the week following the month in which work was performed. Contributions are delinquent if they are not received within five (5) days from the date such contributions become due.

11. Pursuant to the terms of the Trust Agreements, VDTD agreed that in the event of a delinquency it would pay liquidated damages. At all times mentioned herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to the Plans as a result of nonpayment of contributions. The Trust Agreements, to which the VDTD is a party, fixes the amount of liquidated damages to be assessed in the event of a failure to remit contributions, and this amount represents a reasonable endeavor to ascertain and compensate for the damages caused to the Plans by the nonpayment of contributions. The Trust Agreements for each of the Plans provide for payment of liquidated damages in addition to payment of any delinquent contribution or any interest, in an amount presumed to be the greater of 20 percent (20%) of the amount of contributions due; or the amount of interest due under the above provisions of this Article on the date when payment is made.

12. The Trust Agreements further provide that in the event of a delinquency Defendant shall be liable to the Plans, in addition to contributions, and liquidated damages, for all expenses of collection, including all costs, reasonable accountants' fees, auditors' fees and attorneys' fees, and for the payment of interest at the accruing at the rate of 1 percent (1%) per month on all unpaid contributions.

13. The Trust Agreements at Article III of the Pension Plan, Article V of the Health Plan and Article III of the Individual Account Plan provide that "the Directors may, at reasonable times and during normal business hours of any Employer, audit or cause the audit inspection of the records of any Employer which may be pertinent in connection with the said contributions and/or reports insofar as same may be necessary to accomplish the purpose" of the Trust Agreements.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

14. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 13, as though fully set forth herein.

15. An audit of VDTD performed by the Plans disclosed that Defendant had failed to report and accurately pay contributions to the Plans as required by the Agreements in the amount of $1,894.35. Plaintiffs were unaware that Defendant had failed to properly report and pay contributions until such delinquency was first disclosed by the audit ("Audit").

16. To date, the Plans have incurred audit costs in the sum of $1,395.00 in connection with the Audit.

17. The Plans assessed liquidated damages in the amount of $2,061.19 upon the unpaid contributions disclosed by the Audit. Liquidated damages are continuing to accrue on unpaid contributions disclosed in the Audit at the rate of 1 percent (1%) per month until paid.

18. In accordance with the Trust Agreements, interest has accrued on the unpaid contributions disclosed by the Audit in the sum of $2,061.19. Interest is continuing to accrue at the rate of 1 percent (1%) per month from the date of publication of the Audit as provided in the Trust Agreements until the contributions are paid in full.

19. As a result of VDTD's failure to report and pay contributions it has been necessary for the Plans to employ the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld. In accordance with the Trust Agreement, Plaintiffs are entitled to recover reasonable attorney's fees from Defendant.

20. As a result of VDTD's breach of the Agreements and Trust Agreements, Plaintiffs have been damaged in an amount equal to the amount of unpaid contributions and, in addition to contributions, liquidated damages, interest

and reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreements and the Trust Agreements.

21. Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the Agreements and the Trust Agreements.

**SECOND CLAIM FOR RELIEF**

**(Violation of ERISA)**

22. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 21 as though fully set forth herein.

23. By failing to accurately report and pay contributions to the Plans in accordance with the provisions of the Agreements and Trust Agreement, Defendant has violated section 515 of ERISA, 29 U.S. C. §1145. In accordance with the terms of the Agreements and the Trust Agreements and pursuant to sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§1132(g)(2) and 1145, Plaintiffs are entitled to and hereby demand, in addition to the payment of all contributions owed to the Plans, an award of liquidated damages, interest, and reasonable attorneys' fees and all costs incurred, including audit costs.

WHEREFORE, Plaintiffs pray for judgment against Defendant, VDTD Productions, LLC, a New York limited liability company, as follows:

**ON THE FIRST CLAIM FOR RELIEF**

1. For unpaid contributions in the sum of $1,894.35;

2. For payment of a sum as and for liquidated damages on all unpaid contributions at the rate of 1 percent (1%) per month from due dates until paid, according to proof;

3. For payment of interest calculated at the rate of 1 percent (1%) per month on all delinquent contributions from due dates until paid, according to proof;

4. For audit costs in the sum of $1,395.00;

5. For reasonable attorneys' fees, including fees incurred in obtaining audit, and costs of suit herein; and

6. For such other relief as the court deems appropriate.

**ON THE SECOND CLAIM FOR RELIEF**

1. For unpaid contributions in the sum of $1,894.35;

2. For payment of a sum as and for liquidated damages on all unpaid contributions at the rate of 1 percent (1%) per month from due dates until paid, according to proof;

3. For payment of interest calculated at the rate of 1 percent (1%) per month on all delinquent contributions from due dates until paid, according to proof;

4. For audit costs in the sum of $1,395.00;

5. For reasonable attorneys' fees, including fees incurred in obtaining audit, and costs of suit herein; and

6. For such other relief as the court deems appropriate pursuant to section 502(g)(2)(E) of ERISA, 29 U.S.C. §1132(g)(2)(E).

DATED: June 20, 2017

Kathryn J. Halford, Esq.
Armine Alajajian, Esq.
WOHLNER KAPLON CUTLER
HALFORD & ROSENFELD

By: *_/s/ Armine Alajajian_*
Armine Alajajian
Attorneys for Plaintiffs
Boards of Directors of the Motion Picture Industry Pension Plan, Board of Directors of the Motion Picture Industry Individual Account Plan et al.